UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GALENA BIOPHARMA, INC.,
a Delaware corporation,

          Plaintiff,                    Case No. 13-cv-01745-HA

          v.                       OPINION AND ORDER

CONSTANTIN IOANNIDES, and
DOES 1-10, inclusive,

          Defendants.

_____

HAGGERTY, District Judge:

      Plaintiff Galena Biopharma, Inc. (plaintiff or "Galena"), a Delaware corporation with its

principle place of business in Oregon, filed suit against defendant Constantin Ioannides, Ph.D., a

Texas resident, asserting claims for libel per se, trade libel, and declaratory relief. Defendant moves

to dismiss for lack of personal jurisdiction, or alternatively, moves to strike plaintiff's Complaint

pursuant to Oregon's anti-SLAPP statute. Or. Rev. Stat. 31.150 *et seq*. Defendant also moves to

strike portions of a declaration offered by plaintiff in opposition to the Motion to Dismiss. Oral

argument was deemed unnecessary for the resolution of these motions. For the following reasons,

defendant's Motion to Dismiss [10] is granted and Motion to Strike [29] is denied as moot.

1 - OPINION AND ORDER

## BACKGROUND

Defendant is a cancer research scientist who resides in Texas. He was formally affiliated with the University of Texas M.D. Anderson Cancer Center ("MD Anderson"). While contracting with MD Anderson, defendant co-invented the experimental breast cancer vaccine "NeuVax[TM]." Defendant has never been to, or conducted business in, Oregon.

Galena is a publicly traded biopharmaceutical company with its principal place of business in Oregon. It moved to Oregon in 2011 from Massachusetts where it entered into a loan agreement with the State of Oregon through the State's Strategic Reserve Fund, which is meant to attract businesses to start, expand in, or relocate to Oregon. Galena obtained the exclusive license to develop the NeuVax product candidate from MD Anderson. NeuVax is plaintiff's leading product candidate.

On May 8, 2013, Avi Greenberg published an article on the New York-based financial news website, Seeking Alpha. The article, titled "Galena Biopharma: Stock First, Science Second?", criticized plaintiff for allegedly cherrypicking data suggesting that NeuVax works while ignoring other evidence suggesting it does not. Defendant posted a number of comments below the article, four of which[1] were allegedly defamatory and form the basis for this lawsuit. In those comments, defendant, whose use of written English is less than perfect, attempts to convince other posters that he is in fact Dr. Ioannides, the co-inventor of NeuVax and also engages in a back and forth conversation with other posters. The four allegedly defamatory comments were made on May 14, 2013, and on May 20, 2013. First, on May 14, 2013, defendant asserted that Dr. Ahn secretly received shares of Galena as part of a hypothetical reverse merger. The next three allegedly

---

[1] Defendant also wrote letters to plaintiff's CEO, Mark Ahn, Ph.D. in Oregon and sent numerous emails to Dr. Ahn. None of statements in those letters or emails are identified in the Complaint or are asserted as causing plaintiff's alleged damages.

defamatory comments were all made on May 20, 2013. In defendant's second comment he asserted that Galena's managers had ignored science precluding the opportunity to conduct a retrospective analysis. Third, defendant asserted that plaintiff filed misleading and incomplete reports to the Securities and Exchange Commission regarding its patents. Fourth, defendant asserted that Galena secretly used research funds for improper purposes. Each of the defamatory comments was made to other posters and readers of Seeking Alpha and included salutations such as "Dear All and Mr. Dugh56.[2]" Avi Greenberg wrote a second Seeking Alpha article on July 8, 2013, entitled "A Leading Indicator of Success: Failure and Risk in Biotechnology," in which he references the negative comments made by defendant and criticizes Galena.

## ANALYSIS

### 1.    Personal Jurisdiction

Plaintiff bears the burden of establishing that this court has personal jurisdiction over defendant. *See Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996) (stating that the nonmoving party has the burden of establishing personal jurisdiction). However, plaintiff need only make a prima facie showing of facts that support exercising jurisdiction over defendant. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006).

Personal jurisdiction over a non-resident defendant is tested under a two-prong analysis. The exercise of jurisdiction must: (1) satisfy the requirements of the long-arm statute of the state in which the district court sits; and (2) comport with the principles of federal due process. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Oregon Rule of Civil Procedure (ORCP) 4(B)-(K) provides specific bases for personal jurisdiction and subsection (L) extends jurisdiction to the limits

---

[2] Dugh56 is another individual who posted on Seeking Alpha and asked defendant questions regarding Galena.

3 - OPINION AND ORDER

of due process under the United States Constitution. *Nike, Inc. v. Spencer*, 707 P.2d 589, 591 (Or.

Ct. App. 1985); *see* ORCP 4.

The Due Process Clause of the U.S. Constitution protects persons from being subject to the

binding judgments of a forum with which they have "established no meaningful 'contacts, ties, or

relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (citing *Int'l Shoe Co. v.

Washington*, 326 U.S. 310, 319 (1945)). Due process requires that a defendant have "minimum

contacts with the forum state such that the exercise of personal jurisdiction does not offend

traditional notions of fair play and substantial justice." *Decker Coal Co. v. Commonwealth Edison

Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (citing *Int'l Shoe Co.*, 326 U.S. at 316). "A court may

exercise either general or specific jurisdiction over a nonresident defendant." *Sher v. Johnson*, 911

F.2d 1357, 1361 (9th Cir. 1990) (citation omitted).

For a defendant to be subject to general personal jurisdiction, the defendant must have such

"continuous and systematic contacts with the forum that the exercise of jurisdiction does not offend

traditional notions of fair play and substantial justice." *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d

1387, 1391 (9th Cir. 1995) (citation omitted). The standard for general jurisdiction is high, requiring

that the contacts in the forum "approximate physical presence." *Tuazon*, 433 F.3d at 1169 (citation

omitted). Unless the defendant can be deemed "present" within the forum for all purposes, general

jurisdiction is not appropriate. *See Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). Plaintiff

suggests by way of footnote that the numerous emails and letters defendant sent to Dr. Ahn could

give rise to general personal jurisdiction. This court declines to exercise general personal

jurisdiction over defendant based on such limited contact with Oregon.

In contrast to general personal jurisdiction, specific jurisdiction exists where: (1) the

defendant has performed some act or consummated some transaction within the forum or otherwise

purposefully availed herself of the privileges of conducting activities in the forum; (2) the claim arises out of, or results from, the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citation omitted). If the plaintiff meets the first and second elements, the burden shifts to the defendant to present a compelling case that the exercise of jurisdiction would be unreasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted). However, if the plaintiff fails at the first step, then the jurisdictional inquiry ends and the defendant must be dismissed from the case. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

To establish the first prong (purposeful availment or direction) for specific jurisdiction, the defendant must have performed some affirmative conduct within the forum state. *Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991) (citation omitted). In some cases, a foreign act aimed at the forum state can satisfy the first prong. Where suit is filed for a tort caused by a foreign defendant, the Ninth Ciruit analyzes the purposeful availment prong under the "*Calder* effects test." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011); *Calder v. Jones*, 465 U.S. 783 (1984). To satisfy the effects test, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (quoting *Schwarzenegger*, 374 F.3d at 802).

The Ninth Circuit has "warned courts not to focus too narrowly on the test's third prong – the effects prong – holding that 'something more' is needed in addition to a mere foreseeable effect." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (quoting *Bancroft & Masters, Inc. v Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000). *Calder* does not "stand for the broad proposition that a foreign act with forseeable effects in the forum state will always give rise to

specific jurisdiction." *Bancroft*, 223 at 1087. Rather, there must be "something more" and that "something more" is "'express aiming' at the forum state." *Id.* In some cases, the use of "a passive website in conjunction with 'something more' – conduct directly targeting the forum – is sufficient" to satisfy the express aiming prong. *Mavrix Photo*, 647 F.3d at 1229 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002)).

In this case, defendant does not contend that his acts were unintentional or that any harm[3] would be unlikely to be felt in Oregon, but that his comments were not expressly aimed at Oregon and are insufficient to give rise to personal jurisdiction. This court agrees. Defendant made a number of allegedly defamatory comments about Galena, and although all of the comments concern Galena, each is expressly directed to other posters on Seeking Alpha, none of whom has been shown to be based in Oregon. Additionally, while some of his comments were not positive, it does not appear they were written for the purpose of causing harm to Galena. In *Or. Nerve Ctr., LLC, v. Ochoa*, No. 3:11-cv-01433-HA, 2013 WL 504324, *7 (D. Or. Feb. 7, 2013), this court held that the posting of a defamatory Youtube video on a Florida law firm's Youtube channel was sufficient to give rise to personal jurisdiction in Oregon because "the act of posting the video was performed with the purpose of having its consequences felt by plaintiff's in Oregon." This malicious intent provided the "something more" necessary to trigger personal jurisdiction because is demonstrated express aiming. Here, while it is clear that defendant knew Galena to be an Oregon corporation, it does not appear that his comments were made with the intent of causing harm to Galena. Some of his comments concerning NeuVax were in fact positive and could have benefitted Galena. It is unclear why the comments were made, other than it is obvious defendant has a deep concern regarding

---

[3] Defendant appears to acknowledge that any harm from his actions was likely to be suffered in Oregon. However, in light of the fact that Galena's stock price increased in the period following his comments, defendant argues that there was no harm.

Galena's activities.  Without "something more" the use of Seeking Alpha's passive website to post the allegedly defamatory comments does not satisfy the "express aiming" prong of the *Calder* effects test.  *Mavrix Photo*, 647 F.3d at 1229.  Accordingly, the court concludes that it lacks personal jurisdiction over defendant in Oregon.

Because this court lacks jurisdiction over defendant, it does not reach the alternative request for relief under the Oregon anti-SLAPP statute or the Motion to Strike.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss [10] is GRANTED and Motion to Strike [29] is DENIED AS MOOT.

IT IS SO ORDERED.

Dated this 25 day of February, 2014.


ANCER L. HAGGERTY
United States District Judge